UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS M. SIMMS,

    Plaintiff,

v.                                                      Case No. 22-CV-185

INSPECTOR DOBSON, *et al.*,

    Defendants.

## ORDER

Plaintiff Jesus M. Simms, who is incarcerated at Milwaukee County Jail and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee, or to proceed *in forma pauperis*. (ECF No. 2). The cost of filing a civil action in federal court is $402, which includes the $350 statutory filing fee and a $52 administrative fee. The $52 administrative fee does not apply to persons granted *in forma pauperis* status. Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. § 1915(b)(1). Prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) may pay that fee over time. *See* 28 U.S.C. § 1915(b)(2).

Under the PLRA the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately

preceding the filing of the complaint, whichever is greater. 28 U.S.C. § 1915(b)(1) After the initial partial filing fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

In Case No. 22-cv-331, also before this court, Simms filed a certified copy of his prisoner trust account for the six-month period immediately preceding the filing of his complaint as required under 28 U.S.C. § 1915(a)(2). For efficiency's sake, the court will use that trust account for this case, Case No. 22-cv-185. A review of this information reveals that, for the six-month period immediately preceding the filing of the complaint, the average monthly deposit in Simms's prison account was $167.50 and the average monthly balance to the account was $25.35. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), Simms is required to pay an initial partial filing fee of $33.50.

Simms paid this fee on April 1, 2022. The court will grant Simms's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

The PLRA also provides that, if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim

2

upon which relief can be granted, he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on Simms's ability to bring other actions *in forma pauperis*. Accordingly, Simms will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g) you must notify the court by filing a letter with the Clerk of Court on or before **July 5, 2022.** If you write such a letter, this case will be dismissed without prejudice, and it will not count as a "strike" under §1915(g). Whether you voluntarily dismiss your case or you elect to proceed with your case, under §1915(b)(1) you will be required to pay the remainder of the $350 filing fee. If you do not voluntarily dismiss your case and you do not pay the initial partial filing fee by the deadline stated below, the court will dismiss your case without prejudice and without any additional warning to you. You may refile your case at any time, subject to the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that Simms's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Simms shall collect from his institution trust account the $316.50 balance of the filing fee by collecting monthly payments from Simms's prison trust account in an amount equal to 20% of the preceding month's income credited to Simms's trust account and

3

forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Simms is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Simms is confined.

**IT IS FURTHER ORDERED** that if on or before **July 5, 2022,** Simms notifies the court in writing that he wants to voluntarily dismiss the case, the case will be closed without prejudice to the plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under § 1915(g); however, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff will be required to pay the full $350 statutory filing fee.

Dated in Milwaukee, Wisconsin this 13th day of June, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge