UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS M. SIMMS,

      Plaintiff,

    v.                                    Case No. 22-C-185

INSPECTOR DOBSON,
MILWAUKEE COUNTY SHERIFFS DEPT.,
EARNELL R. LUCAS,
DAVID CROWELY, and
C.O. THOMAS,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Jesus M. Simms, who is confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF. No. 1.) On May 13, 2022, Simms filed a motion to amend his complaint (ECF. No. 8) and attached his amended complaint to his motion, (ECF. No. 8-1.) Because the defendants had not yet answered, the court granted his motion, accepted and screened his amended complaint. *See* Fed. R. Civ. P. 15(a). The court found that Simms failed to state a claim upon which relief could be granted because he did not include allegations describing the injury he suffered by the delay in receiving his book. (ECF No. 14 at 5.) However, the court granted Simms an opportunity to file a second amended

complaint including those allegations. (*Id.*) The court informed Simms that the second amended complaint needed to be complete in itself and would replace the first amended complaint. (*Id.*) On July 11, 2022, Simms filed a second amended complaint, which the court now screens.

## SCREENING OF THE SECOND AMENDED COMPLAINT

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Simms's Allegations*

Simms alleges that from December 27, 2021, to March 9, 2022, he was not allowed to possess a book he ordered entitled "Prisoner's Self-Help Litigation Manual." (ECF No. 15 at 2.) He was not allowed to possess the book because the Milwaukee County Jail has a policy that requires inmates order books only from Penguin Publishing House. (*Id.* at 3.) According to Simms, Penguin Publishing House does not sell the book he ordered, which is why he ordered it from a different publisher. (*Id.*) When Simms finally received his book on March 9, pages were ripped out from it and the book was damaged. (*Id.* at 6.)

Simms alleges that "the defendants" (he does not identify which defendants) are withholding another book that he ordered, which he needs to litigate his criminal and civil cases. (ECF No. 15 at 3.) Because he did not receive his books

3

when he ordered them, he missed court deadlines in both his civil and criminal cases. (*Id.* at 6.) Simms further notes that the Milwaukee County Jail does not have a law library and has only older, outdated law books, so he needs the books he ordered to properly litigate his case. (*Id.* at 5.)

*Analysis*

Simms claims that by withholding his books "the defendants" violated his constitutional rights. However, Simms does not specify what each individual defendant did to violate his constitutional rights, which is required to state a § 1983 claim. Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. The court notes that in Simms's first amended complaint he *did* specify what each defendant did. However, because the second amended complaint replaces the first amended complaint, the court cannot look to the first amended complaint to determine whether Simms states a claim against each defendant. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

As such, the court will give Simms one final opportunity to amend his complaint to state a claim. Simms should keep in mind that, in addition to describing what each individual defendant did or did not do to violate his constitutional rights, he also needs to include allegations describing the injury he incurred by the delay of his books. Also, if Simms wishes to claim that the

4

Milwaukee County Jail's policy is unconstitutional, he needs to be aware that, under § 1983, a plaintiff cannot bring claims against the Jail itself but must either name the municipality or the individuals responsible for enforcing the policy. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978); *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004) (Under Wisconsin law, the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983.).

If Simms fails to correct the above-stated deficiencies in his third amended complaint or fails to file a third amended complaint by the deadline stated below, the court will dismiss his lawsuit for failure to state a claim upon which relief may be granted. Simms will also incur a "strike" under 28 U.S.C. § 1915(g).

The court reminds Simms that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint or prior amendments. *See Duda*, 133 F.3d at 1056–57. The court will enclose an amended complaint form along with this decision. Simms must use the form. If he needs more space, he may attach up to five additional pages.

## CONCLUSION

**IT IS THEREFORE ORDERED** that on or before **Sept 21, 2022**, Simms may file a third amended complaint. If the court does not receive a third amended complaint by that date, it will dismiss this action based on the first amended complaint's failure to state a claim.

5

**IT IS FURTHER ORDERED** that the Clerk's Office mail Simms a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Simms is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Simms is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Simms's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

6

Dated at Milwaukee, Wisconsin this 31st day of August, 2022.

BY THE COURT

_William E. Duffin_

WILLIAM E. DUFFIN
United States Magistrate Judge