UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS M. SIMMS,

   Plaintiff,

 v.            Case No. 22-cv-185-pp

INSPECTOR DOBSON, EARNELL R. LUCAS,
MILWAUKEE COUNTY SHERIFF'S DEPT.,[1]
DAVID CROWELY and C.O. THOMAS,

   Defendants.

---

## ORDER SCREENING THIRD AMENDED COMPLAINT (DKT. NO. 24) AND DISMISSING CASE

---

  Plaintiff Jesus M. Simms, who is confined at Stateville Correctional Center in Crest Hill, Illinois[2] and representing himself, filed a complaint under

---

[1] It is not clear whether the plaintiff intended to sue the Milwaukee County Sheriff's Department as a separate defendant, or whether he was suing the name of the office to reference the place of employment of defendant Earnell R. Lucas. If the plaintiff meant to sue the Sheriff's Department, he has sued a defendant that cannot be sued. A sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." Whiting v. Marathon Cty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

[2] The plaintiff filed his complaint on February 14, 2022; at that time, he was in custody at the Milwaukee County Jail. Dkt. No. 1 at 1, 5. On September 2, 2022, the clerk's office received a letter from the plaintiff, indicating that "Illinois did not pick [him] up" and that he remained at the Milwaukee County Jail. Dkt. No. 19. On September 26, 2022, the clerk's office received another letter from the plaintiff, indicating that he was going to be moved to the Will County Adult Detention Facility in Joliet, Illinois and providing the address. Dkt. No. 21. On October 6, 2022, the clerk's office received another notice, informing the court that the plaintiff had arrived at the Will County Adult Detention Facility. Dkt. No. 22. The third amended complaint, which the court received on October 24, 2022, reflected that the plaintiff still was at the Will County Adult Detention Facility at that time. Dkt. No. 24. The Will County

42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Dkt. No. 1. On May 13, 2022, the plaintiff filed a motion to amend his complaint, dkt. no. 8, and attached the amended complaint to his motion, dkt. no. 8-1. Because the defendants had not yet answered, the court granted his motion, accepted and screened the amended complaint. See Fed. R. Civ. P. 15(a). The court—Magistrate Judge William E. Duffin—found that the amended complaint failed to state a claim upon which relief could be granted because the plaintiff did not include allegations describing the injury he suffered by the delay in receiving a book that he had ordered. Dkt. No. 14 at 5. The court gave the plaintiff an opportunity to file a second amended complaint including those allegations. Id. The court informed the plaintiff that the second amended complaint needed to be complete in itself and would replace the first amended complaint. Id.

On July 11, 2022, the court received from the plaintiff a second amended complaint, dkt. no. 15, which the court screened on August 31, 2022, dkt. no. 18. In the second amended complaint, the plaintiff *did* allege the harm he had suffered from the defendants' alleged actions, but Judge Duffin determined that the second amended complaint also failed to state a claim because it did not allege what each individual defendant did or did not do to violate the plaintiff's rights. The court gave the plaintiff one, final opportunity to amend

---

Sheriff's web site, however, indicates that the plaintiff no longer is there, and the Illinois Department of Corrections site indicates that the plaintiff was admitted to Stateville Correctional Center on November 18, 2022. https://idoc.illinois.gov/offender/inmatesearch.html (last visited December 27, 2022).

his complaint to state the harm he had suffered and to specify what each individual defendant did to violate his rights.

On September 2, the court received from the plaintiff a motion to appoint counsel. Dkt. No. 20. On October 24, 2022, the court received from the plaintiff a third amended complaint. Dkt. No. 24. This order screens the third amended complaint and resolves the motion to appoint counsel. Because the defendants have not yet been served and thus have not had the opportunity to consent to Judge Duffin's authority to decide the case, the case was randomly reassigned to a U.S. District Court judge for the limited purpose of screening the complaint.

I.  **Screening the Third Amended Complaint**

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

A.   The Plaintiff's Allegations

The third amended complaint sues Inspector Dobson, "the sheriff's of Milwaukee Earnell R. Lucas,"[3] David Crowely[4] and "C/O Thomas." Dkt. No. 24 at 1. The plaintiff alleges that from December 27, 2021 to March 9, 2022, he

---

[3] Earnell Lucas was the sheriff of Milwaukee County from November 6, 2018 through October 21, 2022. https://spectrumnews1.com/wi/milwaukee/news/2022/10/21/milwaukee-county-sheriff-earnell-lucas-turned-in-his-resignation-fiserv.
[4] David Crowley has been the County Executive of Milwaukee County since May 2020. https://county.milwaukee.gov/EN/County-Executive.

was not allowed to possess a book he ordered entitled "Prisoner's Self-Help Litigation Manual." Id. at ¶4. He asserts that he not allowed to possess the book because the Milwaukee County Jail has a policy that requires incarcerated persons to order books only from Penguin Random House LLC. Id. at ¶5. According to the plaintiff, Penguin does not sell the book he ordered, so he ordered it from a different publisher. Id. at ¶16. The plaintiff alleges that the defendants (he does not specify which ones) ripped pages out of the book and wrote on it. Id. at ¶19.

The plaintiff also alleges that "the defendants" (he does not specify which ones) are withholding another book that he ordered, which he says he needs to litigate his criminal and civil cases. Id. at ¶7. The plaintiff alleges that because he did not receive his books when he ordered them, he incurred harm "such as missing a Court Deadline." Id. The plaintiff further notes that the Milwaukee County Jail did not have a computer or a law library and had only outdated law books and he says that Penguin Random House did not sell the books he needed to fight his criminal and civil cases. Id. at ¶15.

The plaintiff seeks $450,000 in compensatory damages from each defendant and punitive damages of $20,000 as to each defendant. Id. at page 24.

B.  Analysis

The plaintiff claims that by withholding his books, "the defendants" violated his constitutional rights. But the plaintiff still has not specified what each individual defendant did to violate his constitutional rights. While the

5

plaintiff names Inspector Dobson, County Executive David Crowley, former Sheriff Earnell R. Lucas and C.O. Thomas as defendants in his caption, the court cannot tell from the plaintiff's allegations what, if anything, these individuals did to deprive him of his books. "In an action under § 1983, the plaintiff must establish individual liability." Johnson v. Rimmer, 936 F.3d 695, 710 (7th Cir. 2019) (citation omitted). The court suspects that the plaintiff named former Sheriff Lucas and County Executive Crowley because he believes they had some supervisory role over employees at the jail. But "supervisory liability cannot attach under § 1983 absent a showing the officer is personally responsible for a deprivation of a constitutional right." Stockton v. Milwaukee County, 44 F.4th 605, 619 (7th Cir. 2022) (citation omitted). As for Dobson and Corrections Officer Thomas, the plaintiff says only that "they" ripped pages from one book and wrote on it and that "they" withheld another book. Perhaps more to the point, the plaintiff again has failed to specify the harm he suffered. He does not explain how the missing pages or the writing on the one book made it unusable for him, or why not having the books caused him to miss a court deadline, or what deadline he missed and what impact missing the deadline had.

    The court has given the plaintiff two opportunities to amend the complaint and has clearly specified what he needed to allege. The plaintiff has failed to cure the deficiencies, so the court will not grant him another opportunity to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962) (Reasons for not allowing amendment include "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.")

The third amended complaint does not state a claim for which a federal court may grant relief and the court will dismiss this case. Because the court is dismissing the case at screening, the court will deny the plaintiff's motion for appointment of counsel as moot.

## II. CONCLUSION

The court **ORDERS** that that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

The court will email a copy of this order to DLSFedOrdersEastCL @doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Fed. R. Civ. P. 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what further action, if any, is appropriate in a case.

Dated at Milwaukee, Wisconsin this 28th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**